IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOEENUDDIN ANSARI, | ) | CASE NO. 3:26 CV 2499 |
| Petitioner, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| DENNIS SULLIVAN, *et al.*, | ) | ORDER |
| Respondents. | ) | |

Petitioner filed a petition for Writ of Habeas Corpus seeking a bond hearing or release from custody. (ECF #1). The government filed a response, and Mr. Ansari filed a reply in support of his motion. (ECF #8, 10).

The Government concedes that under the Sixth Circuit case of *Lopez-Campos v. Raycraft*, 175 F.4th 713, 721 (6th Cir. 2026), Mr. Ansari's detention falls under 8 U.S.C. §1226(a), and he is not subject to mandatory detention. This means that he is entitled to an individualized bond hearing in immigration court. Because he has been held without a hearing for nearly nine months, *Lopez-Campos* suggests that the government should be held to a clear and convincing standard when determining whether Mr. Ansari is a danger to the community, or presents a flight risk. *Accord, Velasco Lopez f. Decker*, 978 F.3d 842 (2d Cir. 2020)(citing *Addington v. Texas*, 441 U.S. 418, 441 (1979); *United States v. Alerno*, 481 U.S. 739, 751 (1987); *Foucha v. Louisiana*, 504 U.S. 71, 75-76 (1992).

For these reasons, the government is ordered to provide Mr. Ansari an individualized bond hearing within seven days. IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: October 28, 2026